UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

CLARISSA LEIGE,

                            Plaintiff,                  08 Civ. 3968 (NRB)

     - against -

TINO HERNANDEZ, as Chairman of the              DEFENDANTS' ANSWER TO THE
New York City Housing Authority, and the          SECOND AMENDED COMPLAINT
NEW YORK CITY HOUSING AUTHORITY,

                            Defendants.
_____

       Defendants Tino Hernandez and New York City Housing Authority (respectively, Hernandez and NYCHA, collectively referred to as defendants), by their attorney, Ricardo Elias Morales, General Counsel of the New York City Housing Authority (Jeffrey Niederhoffer, of counsel), answer the Second Amended Complaint as follows:

       1. Deny the allegations in paragraph 1, except admit that plaintiff purports to proceed as stated therein.

## JURISDICTION AND VENUE

       2. Deny the allegations in paragraph 2, except admit that this Court has jurisdiction over this matter.

       3. Deny the allegations in paragraph 3, except admit that plaintiff purports to proceed as stated therein.

       4. Admit the allegations in paragraph 4.

## PARTIES

       5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, except admit that its records reflect that plaintiff has been the tenant of record

of 2007 Surf Avenue, Apartment 6L, Brooklyn, New York, a seven-room apartment, since April 1999 and that this apartment is located in a NYCHA housing development known as Carey Gardens.

6. Deny the allegations in paragraph 6, except admit that NYCHA is a public authority, that its principal business offices are located in New York County and that NYCHA is plaintiff's landlord.

7. Admit the allegations in paragraph 7.

## STATUTORY AND REGULATORY SCHEME

### The Americans With Disabilities Act

8. Deny the allegations in paragraph 8 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authorities cited therein and respectfully refer the Court to those authorities for their full and complete contents.

9. Deny the allegations in paragraph 9 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authorities cited therein and respectfully refer the Court to those authorities for their full and complete contents.

10. Deny the allegations in paragraph 10 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

11. Deny the allegations in paragraph 11 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

12. Deny the allegations in paragraph 12 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

13. Deny the allegations in paragraph 13 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

14. Deny the allegations in paragraph 14 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

15. Deny the allegations in paragraph 15 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

16. Deny the allegations in paragraph 16 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

### Section 504 of the Rehabilitation Act of 1973

17. Deny the allegations in paragraph 17 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authorities cited therein and respectfully refer the Court to that authority for their full and complete contents.

18. Deny the allegations in paragraph 18 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

19. Deny the allegations in paragraph 19 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

20. Deny the allegations in paragraph 20 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authorities cited therein and respectfully refer the Court to that authority for their full and complete contents.

### The Fair Housing Act

21. Deny the allegations in paragraph 21 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authorities cited therein and respectfully refer the Court to that authority for their full and complete contents.

22. Deny the allegations in paragraph 22 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

23. Deny the allegations in paragraph 23 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authorities cited therein and respectfully refer the Court to that authority for their full and complete contents.

### NYCHA Policy

24. Deny the allegations in paragraph 24 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authorities cited therein and respectfully refer the Court to that authority for their and complete contents.

25. Deny the allegations in paragraph 25 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

26. Deny the allegations in paragraph 26 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

27. Deny the allegations in paragraph 27 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

28. Deny the allegations in paragraph 28 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

29. Deny the allegations in paragraph 29 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

30. Deny the allegations in paragraph 30 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents.

## The Telecommunications Act

31. Deny the allegations in paragraph 31 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents. Furthermore, the allegations in paragraph 31 are not relevant to this action given that plaintiff has deleted her claim for relief under the Telecommunications Act of 1996.

32. Deny the allegations in paragraph 32 as legal argument and/or as an incomplete or inaccurate statement of the contents of the authority cited therein and respectfully refer the Court to that authority for its full and complete contents. Furthermore, the allegations in paragraph 32 are not relevant to this action given that plaintiff has deleted her claim for relief under the Telecommunications Act of 1996.

## Statement of Facts

33. Deny the allegations in paragraph 33, except admit that defendant NYCHA is a public entity as defined by the Americans With Disabilities Act and that it is a recipient of federal funds.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Deny the allegations in paragraph 35, except admit that plaintiff's daughter, Emily Leige, resides with her mother and that NYCHA's records show that Emily Leige's date of birth is June 13, 1997.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Deny the allegations in paragraph 40.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, except admit that an Amended Specification of Charges was served on

plaintiff on or about March 18, 2008 and on April 15, 2008, and refer the Court to the April 15, 2008 Amended Specification of Charges ("Charges") for a complete and accurate statement as to its contents.

45. Deny the allegations in paragraph 45.

46. Deny the allegations in paragraph 46, except admit that the internal administrative proceeding on the charges has been adjourned.

47. Deny the allegations in paragraph 47.

48. Deny the allegations in paragraph 48, except admit a chronic delinquency in the payment of rent charge was initially brought against plaintiff in 2003.

49. Deny the allegations in paragraph 49, except admit that plaintiff defaulted three times in the internal administrative proceedings, on May 7, 2003, November 23, 2004 and February 16, 2005.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Deny the allegations in paragraph 51, except admit that Hearing Officer Joan Pannell signed an Order, dated March 15, 2007, and refer the Court to the March 15, 2007 Order of Hearing Officer Joan Pannell for a complete and accurate statement as to its contents.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54.

55. Deny the allegations in paragraph 55, except admit that Miriam Saillant is employed by NYCHA as a Housing Assistant at its Carey Gardens housing development and that Ms. Saillant is aware of the administrative charges bought against plaintiff.

56. Deny the allegations in paragraph 56.

57. Deny the allegations in paragraph 57.

58. Deny the allegations in paragraph 58.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60, except admit that APS and/or the Jewish Association for Services for the Aged has had contact with NYCHA regarding plaintiff.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

63. Deny the allegations in paragraph 63, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 regarding APS's preparedness.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, except admit that NYCHA records show that plaintiff has reported receiving supplemental security income for herself and her two minor children.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65.

66. Deny the allegations in paragraph 66.

67. Deny the allegations in paragraph 67.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, except admit that plaintiff has established electronic payment of her monthly rent.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, except admit that plaintiff has established electronic payment of her monthly rent.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72.

73. Admit the allegations in paragraph 73.

74. Deny the allegations in paragraph 74, except admit that plaintiff has an electric clothes dryer in the apartment.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77. Deny the allegations in paragraph 77.

78. Deny the allegations in paragraph 78, except admit that Carey Gardens housing development does not provide laundry services.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81. Deny the allegations in paragraph 81.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. Admit the allegations in paragraph 85.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87.

88. Deny the allegations in paragraph 88, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 regarding the Leige family's knowledge of substitutes or plaintiff's explanation.

89. Deny the allegations in paragraph 89.

90. Admit the allegations in paragraph 90.

91. Admit the allegations in paragraph 91.

92. Deny the allegations in paragraph 92 and respectfully refer the Court to the regulation cited for its full and complete contents.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94. Deny the allegations in paragraph 94.

95. Deny the allegations in paragraph 95.

96. Deny the allegations in paragraph 96.

97. Deny the allegations in paragraph 97.

98. Admit the allegations in paragraph 98.

99. Deny the allegations in paragraph 99.

100. Deny the allegations in paragraph 100.

101. Deny the allegations in paragraph 101 and deny that NYCHA has any such burden in this action.

102. Deny the allegations in paragraph 102.

103. Deny the allegations in paragraph 103. Furthermore, this allegation is not relevant to this action given that plaintiff deleted her claim for relief under the Telecommunications Act of 1996.

104. Deny the allegations in paragraph 104. Furthermore, this allegation is not relevant to this action given that plaintiff deleted her claim for relief under the Telecommunications Act of 1996.

105. Deny the allegations in paragraph 105.

106. Deny the allegations in paragraph 106 and respectfully refer the Court to the April 15, 2008 letter for a full and accurate statement of its contents.

107. Deny the allegations in paragraph 107 and respectfully refer the Court to the April 15, 2008 letter for a full and accurate statement of its contents.

108. Deny the allegations in paragraph 108.

109. Deny the allegations in paragraph 109.

110. Deny the allegations in paragraph 110.

111. Deny the allegations in paragraph 111.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and state that no such request to accommodate Emily Leige by installing a roll-in shower or a specialized walk-in tub has been made.

113. Deny the allegations in paragraph 113, and state that no such request to accommodate Emily Leige by installing a roll-in shower or a specialized walk-in tub has been made.

114. Deny the allegations in paragraph 114, and state that no such request to accommodate Emily Leige by installing a roll-in shower or a specialized walk-in tub has been made, no request to transfer to another apartment has been made and, consequently, no discussion as to any moving assistance has occurred.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and state that no such request to accommodate Emily Leige by installing a roll-in shower or a specialized walk-in tub has been made, no request to transfer to another apartment has been made and, consequently, no discussion as to any moving assistance has occurred.

116. Deny the allegations in paragraph 116, and state that no such request to accommodate Emily Leige by installing a roll-in shower or a specialized walk-in tub has been made.

117. Deny the allegations in paragraph 117.

118. Deny the allegations in paragraph 118.

119. Deny the allegations in paragraph 119.

120. Deny the allegations in paragraph 120.

## AS AND FOR A FIRST DEFENSE

121. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

122. Plaintiff's action is barred in whole or in part by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

123. Each and every action taken by the defendant with respect to plaintiff was taken for legitimate, non-discriminatory reasons.

## AS AND FOR A FOURTH DEFENSE

124. Tino Hernandez is not properly named as an individual defendant as to some or all of plaintiff's claims.

## AS AND FOR A FIFTH DEFENSE

125. The proposed reasonable accommodation of exemption from administrative proceedings regarding her tenancy would pose an undue hardship on NYCHA and/or require a fundamental alteration in the nature of the program.

**WHEREFORE**, defendants New York City Housing Authority and Tino Hernandez demand judgment against plaintiff dismissing the Second Amended Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 31, 2008

                      RICARDO ELIAS MORALES
                      General Counsel
                      New York City Housing Authority
                      Attorney for Defendants
                      250 Broadway, 9th Floor
                      New York, New York 10007
                      (212) 776-5259

By: _____
     Jeffrey Niederhoffer (JN-1942)

TO:    JOHN C. GRAY, ESQ.
        SOUTH BROOKLYN LEGAL SERVICES, INC.
        Edward Josephson, Of Counsel
        Attorneys for Plaintiff
        105 Court Street
        Brooklyn, New York 11201
        (718) 237-5500/5538

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLARISSA LEIGE,

                Plaintiff,                    08 Civ. 3968 (NRB)

    - against -

TINO HERNANDEZ, as Chairman of the
New York City Housing Authority, and the
NEW YORK CITY HOUSING AUTHORITY,

                Defendants.

---

## DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT

---

RICARDO ELIAS MORALES
General Counsel
New York City Housing Authority
Attorney for Defendant
250 Broadway, 9th Floor
New York, New York 10007
(212) 776-5259